# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 11 CV 1712 | DATE | February 6, 2012 |
| CASE TITLE | THOMPSON v. EVANS, et al. | | |

**DOCKET ENTRY TEXT:**

The Court GRANTS in part and DENIES in part Defendants' Motion to Dismiss [17]. Defendants are directed to answer or otherwise plead by February 28, 2012.

■[For further detail see below.]     Docketing to mail notice.

## STATEMENT

Mark Thompson worked as a gym teacher for Chicago Public Schools. He is now suing his former school principals, Reginald Evans and Deborah Edwards-Clay, as well as the Board of Education of the City of Chicago, alleging that they discriminated against him on the basis of his race and gender and retaliated against him for reporting instances of cheating and plagiarism. He also alleges that he was promised certain job positions and responsibilities that he never received.

Thompson's six-count Complaint includes the following claims: Count I, discrimination based on gender in violation of 42 U.S.C. §2000(e); Count II, discrimination based on race in violation of 42 U.S.C. §1981; Count III, retaliation in violation of 42 U.S.C. §1981; Count IV, retaliation in violation of 42 U.S.C. §2000(e); Count V, violation of the Illinois Whistleblower Act; and Count VI, breach of oral contract.

The Defendants now seek an order from the Court dismissing Counts I and IV, as they relate to the individual defendants; Count III, as it relates to gender discrimination; and Count V in its entirety. In addressing Defendants' Motion to Dismiss, we take Thompson's allegations as true, and can dismiss his claims only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

**I. Individual Liability Under Title VII (Counts I and IV)**

The Court first addresses Thompson's Title VII sex discrimination and retaliation claims against his former supervisors, defendants Evans and Edwards-Clay. Defendants correctly point out that Title VII provides only for employer liability rather than individual supervisor liability. *Silk v. City of Chicago*, 194 F.3d 788, 797 (7th Cir. 1999). Thompson concedes that point in his Response, but requests that the Court

dismiss the individual defendants without prejudice just in case "the Seventh Circuit later reverses this ruling or Plaintiff later has cause to reallege his Title VII claims against Individual Defendants under Illinois State Civil Rights laws." Thompson's unsupported speculation that the law may change will not influence the Court's ruling. Because individual supervisors cannot be held liable under Title VII, Count I as it applies to Defendant Evans is dismissed, and Count IV as it applies to Defendant Evans and Defendant Edwards-Clay is dismissed.

## II. Retaliation (Count III)

The Court next addresses Thompson's retaliation claim under 42 U.S.C. §1981 (Count III). Defendants note that Count III realleges and incorporates prior allegations concerning discrimination on the basis of gender. Defendants see that as a problem because gender discrimination claims are not cognizable under 42 U.S.C. §1981; that section applies only to discrimination on the basis of race or alienage. *Runyon v. McCrary*, 427 U.S. 160, 167 (1976). Thompson replies that he intended only to incorporate his prior race discrimination allegations, and his incorporation of the gender-discrimination allegations was merely a typographical error. Rather than directing Thompson to submit yet another amended complaint, the Court will grant Defendants' Motion to Dismiss Count III only as to any gender discrimination-based claim. Otherwise, Defendants' Motion to Dismiss Count III is denied.

## III. Retaliation in Violation of the Illinois Whistleblower Act (Count V)

Finally, the Court addresses Thompson's claim for retaliation in violation of the Illinois Whistleblower Act (Count V).

Thompson alleges that he became aware of "possible plagiarism/test cheating between an Assistant Principal and teacher," which he reported to CPS Area 4 Instructional Officer (AIO), the Illinois State Board of Education (ISBE), the CPS Department of Student Assessment, and the CPS Law Department. Allegedly as a result of that reporting, Defendant Edwards-Clay refused to sign Thompson's time sheet and Defendant Evans suspended and later terminated Thompson. Thompson claims that Defendants' conduct violated the Illinois Whistleblower Act, which provides: "An employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation." 740 ILCS §174/15.

Defendants argue that the Illinois Tort Immunity Act shields them from liability for retaliatory discharge under the Illinois Whistleblower Act. The Tort Immunity Act provides that public employees, who serve in positions involving policy determinations or the exercise of discretion, cannot be held liable for any injuries caused by that work. 745 ILCS 10/2-201. The Act also provides immunity for the entities overseeing the public employees. 745 ILCS 10/2-207. The purpose of the Tort Immunity Act is to protect local public entities and public employees from liability arising from the operation of government, and to "prevent the diversion of public funds from their intended purpose to the payment of damage claims." 745 ILCS 10/1-101.1(a); *Bubb v. Springfield Sch. Dist. 186*, 167 Ill.2d 372, 378 (1995).

In applying section 2-201, the Illinois Supreme Court requires that conduct be both an exercise of discretion and a policy determination to garner immunity. *Harinek v. 161 North Clark Street Ltd.*, 181 Ill.2d 335, 343 (1998). Immunity under section 2-201 will not apply if the injury results from an act that is ministerial in nature. *Trotter v. School Dist. 218*, 315 Ill. App. 3d 1, 12 (1st Dist. 2000). "Ministerial acts are those that a person performs on a given state of facts, in a prescribed manner, in obedience to the legal authority, and without reference to the official's discretion as to the propriety of the act." *Id*. Discretionary acts are those which are unique to a public office and involve the use of discretion as to the propriety of the

act. *Zinnermon v. City of Chi. Dep't of Police*, 209 F. Supp. 2d 908, 911 (N.D. Ill. 2002). Whether an act is ministerial or discretionary is determined on a "case-by-case" basis and is "fact specific." *Hanley v. City of Chicago*, 343 Ill. App. 3d 49 (1st Dist. 2003). Because the facts of the instant case have yet to be fully developed, the Court finds that Thompson has sufficiently stated a claim of retaliatory discharge. Therefore, Defendants' motion to dismiss Count V is denied.

*Wm. J. Hibbler*